Von Phul, Waters & Co. et al. *v.* Powell & Co.

Until goods have been received and reshipped, or until the receiver had notified the eventual consignees that they would be forwarded according to instructions, they must be considered as under the control of the receiver, and, of course, liable to attachment by their creditors.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *J. Ad Rozier* and *Durant & Hornor* for plaintiffs. *W. H. Hunt* for defendants. *C. Roselius* and *G. P. McPheeters* for Connoly & Co., intervenors and appellants.

Howell, J. Plaintiffs brought suit by attachment for the price of a lot of flour, sold by them for cash to defendants in St. Louis, Missouri, where both resided, and which was seized by the sheriff of this parish upon its arrival here. Bowker & Edmonds, of Boston, Massachussetts, intervened and claimed possession and control of said flour as the real consignees, making advances thereon and holding a large balance against the defendants, their debtors and consignors.

Judgment was rendered in the lower court in favor of plaintiffs against defendants, with privilege on the property attached, and against the intervenors, dismissing their intervention, from which the latter have appealed.

The defendants, in St. Louis, were large dealers in Western produce, which they shipped, to be sold on their own account, to various parties in New Orleans (among them Jas. Connoly & Co.), and to the intervenors, in Boston, by the Lake route or by way of New Orleans, in which latter case they consigned to said Connoly & Co., in this city, with instructions to forward by sail to the intervenors. Upon making these shipments, the defendants drew their drafts upon the parties to whom the produce was consigned and advised them of the consignments. On 21st October, 1858, they purchased the lot of flour in controversy from plaintiffs, for cash. On the 25th, same month, they took from a river steamer the usual number of bills of lading of same, *consigned to Jas. Connoly & Co.* here, with instructions in the bill of lading addressed to the latter, to forward to the intervenors for their account. On the same day they forwarded a *duplicate of said bill of lading* to the intervenors, with a letter of advice enclosing the insurance certificate in their favor, and drew on them a draft for $2,750, at 60 days, which was negotiated by them in St. Louis for their own benefit. These documents reached their destination and the draft was accepted prior to the date of the attachment in this suit, which was levied before the consignees here received the goods or bill of lading.

The question is, had the defendants, the consignors, lost 'control of the property when it was attached? To produce this effect, the legal possession or control must have vested in the intervenors by the transmission and receipt of the duplicate bill of lading and letter of advice and the acceptance of the draft. The bill of lading, however, received by them, was in *favor of Connoly & Co.*, who were the agents of the defendants, and not of intervenors, and who state that similar shipments had been

countermanded by the defendants and sold here, and that they would have obeyed any instructions changing the destination of this flour. The intervenors could not, with the bill of lading received by them, have demanded of the common carrier, or other party, the delivery of the property. They knew that Connoly & Co. would take possession on its arrival in New Orleans, being the parties clothed, under the bill of lading, with the legal possession; and in accepting the draft they relied on the representation of defendants that the flour would be shipped to them from New Orleans by defendants' agents, and not upon any constructive possession in themselves, for in law there was none. The letter of advice must be controlled by the terms of the bill of lading. Until the goods had been received and reshipped by Connoly & Co., or until the latter had notified the intervenors that they would forward according to instructions, the goods must be considered under the control of the defendants, and, of course, liable to attachment by their creditors. See 3 An. 56. The case would have been very different if the intervenors had been the consignees named in the bill of lading received by them.

Judgment affirmed, with costs.